UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JEFFREY MILES HASTINGS, JR.,** § | | |
| TDCJ No. 02294012, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL NO. SA-21-CA-0025-XR** | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Jeffrey Miles Hastings, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and supplement memorandum in support (ECF No. 1), as well as Respondent Bobby Lumpkin's Answer (ECF No. 5) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In August 2019, Petitioner plead guilty to one count of manufacturing and delivering a controlled substance in an amount between one and four grams. (ECF No. 6-2 at 62–65). Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense as charged in the indictment and plead true to one enhancement paragraph in exchange for the State waiving the second enhancement paragraph and agreeing to a sentencing cap of twenty-seven years. *Id.* Following a separate punishment hearing, the trial court sentenced Petitioner to twenty-seven years of imprisonment, with the sentence to run concurrent to a separate conviction for possession of a

controlled substance. *State v. Hastings*, No. 18-2301-CR-B (274th Dist. Ct., Guadalupe Cnty., Tex. Oct. 23, 2019); (ECF No. 6-2 at 73–75).

Because he waived the right to appeal as part of the plea bargain agreement, Petitioner did not directly appeal his conviction and sentence. (ECF No. 6-2 at 69). Instead, he challenged the constitutionality of his conviction and sentence by filing a *pro se* application for state habeas corpus relief. *Ex parte Hastings*, No. 90,763-01 (Tex. Crim. App.); (ECF No. 6-2 at 10–23). The Texas Court of Criminal Appeals denied the application without written order on February 19, 2020. (ECF No. 6-1).

Petitioner placed the instant federal habeas petition in the prison mail system on December 9, 2020. (ECF No. 1 at 9). In the petition, Petitioner raises the same allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings—namely, that (1) his trial counsel failed to submit a pre-sentence investigative report regarding his probation eligibility or present favorable witnesses at the punishment hearing, (2) trial court failed to properly admonish him on the punishment range, (3) his trial counsel rendered ineffective assistance by stipulating to acts, crimes, and wrongs in which he was not involved, and (4) he is actually innocent of the charged offense.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

     A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

A.  **Petitioner's Guilty Plea (Claims 1–3)**

Pursuant to a plea bargain agreement, Petitioner judicially confessed to committing one count of manufacturing and delivering a controlled substance in an amount between one and four grams, plead true to one enhancement paragraph, acknowledged the range of punishment for the first-degree offense, and waived his right to a jury trial in exchange for a sentencing cap of twenty-seven years. (ECF No. 6-2 at 62–65). Nevertheless, Petitioner now challenges the constitutionality of his conviction by arguing that his plea was involuntary because of the ineffective assistance provided by his trial counsel (Claims 1, 3) and the trial court's failure to properly admonish him (Claim 2). Because he voluntarily plead guilty to the conviction he is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceedings. Moreover, these allegations were rejected by the state court during Petitioner's state habeas proceedings. As discussed below, the state court's rejection of these claims was neither contrary to, nor an unreasonable application of, Supreme Court precedent. *Richter*, 562 U.S. at 101.

  1. Petitioner's Plea Was Voluntary

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir.

1997).  The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's plea was a voluntary and intelligent choice and not the result of any misrepresentation.  Petitioner's "Plea Agreement" demonstrates that Petitioner was admonished as to the maximum punishment range for a first-degree offense (five to ninety-nine years of imprisonment or life) but that Petitioner's sentence was to be capped at twenty-seven years maximum.  (ECF No. 6-2 at 62–65).  The plea agreement also stated he had read and understood the terms of the plea agreement and the trial court's admonishments, that his attorney has explained the legal effects of the agreement, and that he is knowingly and voluntarily waiving his rights and pleading guilty.  *Id.*

Petitioner's trial counsel also signed the agreement, stating that he discussed with Petitioner the rights he was waiving and the legal consequences of his plea.  *Id.* at 64.  Counsel concluded that Petitioner had a rational and factual understanding of the proceedings against him and the rights he was waiving, and indicated his belief that Petitioner's plea was "knowingly, freely, and voluntarily made."  *Id.*  The trial judge then gave his approval of the waivers and made the following findings:

1. [Petitioner] has a sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding, and has a rational as well as factual understanding of the proceedings against him or her.

2. [Petitioner] has the age, maturity, and intelligence to understand and does knowingly understand his or her rights with regard to the two above said instruments.

3. [Petitioner] does knowingly waive his or her rights as described therein.

5

> 4. [Petitioner] does understand his or her rights regarding stipulations and does knowingly waive his or her rights to have such facts proved otherwise.
>
> 5. [Petitioner] does knowingly stipulate and agree that the facts contained in the "Defendant's Waiver of Rights and Judicial Confession" are true and correct.

*Id.* at 65.

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).[1] Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of his guilty plea. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

    2.    <u>Claims Waived by the Guilty Plea</u>

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261–62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, including ineffective-assistance claims unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except

---

[1] Petitioner's formal declarations in open court would also carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). However, a transcript of Petitioner's proceedings in the trial court was not provided to this Court in the records filed by Respondent. The Court thus relies on the record that *was* provided to the Court—Petitioner's plea bargain agreement—in making this determination.

for claims related to voluntariness of plea). As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Here, Petitioner argues he was denied the right to effective counsel by counsel's failure to investigate and bring forth evidence of his innocence and eligibility for probation (Claim 1). Petitioner also faults counsel for stipulating to acts, crimes, and wrongs that he was not involved in during counsel's negotiations with the State (Claim 3). But Petitioner fails to provide any persuasive argument in support of his allegations, much less demonstrate how the allegations relate to the voluntariness of his guilty plea. Accordingly, Petitioner's claims are waived by his knowing, voluntary, and intelligent guilty plea. Moreover, Petitioner fails to demonstrate that the state court's rejection of his allegations during Petitioner's state habeas proceedings was either contrary to, or an unreasonable application of, clearly established federal law. For these reasons, federal habeas relief is denied.

  3. <u>The Remaining Claim</u>

Petitioner does make one allegation that, if successful, may implicate the voluntariness of his plea: that the trial court failed to properly admonish him before accepting the plea about the range of punishment for the charged offense as required by Article 26.13 of the Texas Code of Criminal Procedure (Claim 2). According to Petitioner, he should have been admonished as to the punishment for a second-degree felony instead of a first-degree felony because the State had agreed to drop two enhancement paragraphs that upgraded his offense to the first degree. Again, a valid guilty plea waives all non-jurisdictional defects—including ineffective-assistance claims—unless the claim goes to the voluntariness of the plea. *Smith*, 711 F.2d at 682. Thus, the Court considers

Petitioner's second allegation to the extent it may implicate the voluntariness of his plea. *Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

Petitioner contends his plea was involuntary because the trial court failed to admonish him in court as to the correct punishment range for his offense. Indeed, the most efficient method of insuring the intelligent, voluntary nature of a guilty plea is through a colloquy between the trial judge, the defendant, and the defendant's attorney. *McCarthy v. United States*, 394 U.S. 459, 464-67 (1969). However, the Supreme Court has

> never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.

*Bradshaw*, 545 U.S. at 183; *see also Henderson v. Morgan*, 426 U.S. 637, 647 (1976) ("even absent a clear showing on the record, we presume that counsel did in fact explain the nature of the offense to the defendant.").

Although it is certainly preferable for a trial court to clearly admonish a defendant, on the record, as to the potential sentence he faces as a result of pleading guilty, the Fifth Circuit has repeatedly found that a defendant's federal constitutional rights were not violated when a guilty plea was entered in the absence of a full admonishment by the trial court, as long as the defendant otherwise had knowledge of the rights he was waiving and his potential punishment. *Burton v. Terrell*, 576 F.3d 268, 271–72 (5th Cir. 2009) (finding the critical question to be "whether the defendant knew, in fact, the maximum he faced" and not "whether the court informed the defendant of the maximum sentence[.]"); *Burdick v. Quarterman*, 504 F.3d 545, 547–48 (5th Cir. 2007) (upholding guilty plea where "someone" advised the defendant as to the range of punishment prior to the entry of the plea). Because clearly established federal law does not require a record showing that the trial court admonished the defendant about the potential punishment

8

prior to accepting his guilty plea, the Texas Court of Criminal Appeals' rejection of this claim cannot be considered unreasonable.

Regardless, the plea agreement itself indicates that Petitioner was correctly admonished. Petitioner was indicted on a second-degree felony enhanced to a first-degree felony as habitual. (ECF No. 6-2 at 57). Petitioner judicially confessed to committing the offense and plead true to one enhancement paragraph in exchange for the State waiving a second enhancement paragraph and agreeing to a sentencing cap of twenty-seven years. *Id.* at 62. As such, Petitioner was properly admonished by both the trial court and trial counsel as to the correct punishment range for a first-degree felony as a habitual offender. *See* TEX. PENAL CODE § 12.42(b). Petitioner's plea agreement also stated he understood the terms of the plea agreement, that his attorney has explained the legal effects of the agreement, and he was not coerced or misled into making the plea. Petitioner was thus aware of the "relevant circumstances and likely consequences" of his plea. *Bradshaw*, 545 U.S. at 183. Therefore, Petitioner fails to establish that his guilty plea was involuntary due to a lack of admonishment.

Because the record in this matter indicates that Petitioner's guilty plea was counseled, knowing and voluntary, and not coerced or induced by threats, promises, or misrepresentations, the state court's denial of this claim was not clearly contrary to or an unreasonable application of federal law. Relief is denied.

**B.     Actual Innocence (Claim 4)**

In his final allegation, Petitioner contends he is actually innocent of the charged offense. According to Petitioner, his knowledge of, and control over, the contraband cannot be established in this case because he was not in exclusive possession of the place where the contraband was found. Petitioner contends there is no evidence to show that he wasn't merely in the vicinity when

9

the contraband was discovered. Because Petitioner's innocence claim is not a cognizable federal habeas claim, however, the merits of the allegation need not be reached.

"Freestanding" claims of actual innocence, such as the allegation now before the Court, do not provide a valid basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 399. Although the *Herrera* court left open the question of whether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would . . . warrant habeas relief if there were no state avenue open to process such a claim," 506 U.S. at 417, the Fifth Circuit has consistently rejected this theory.[2] *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). Because the Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review, Petitioner's allegation must be rejected.

Alternatively, even if an actual-innocence claim could be the basis for federal relief, it would only be cognizable if there were no state procedure available for making the claim. *Herrera*, 506 U.S. at 417; *Graves*, 351 F.3d at 151. Such is not the situation in Texas, where state procedures are available to raise claims in clemency proceedings or a state habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 48.01 (West 2020); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998). Indeed, this allegation was raised by Petitioner during his state habeas corpus proceedings and ultimately rejected by the Texas Court of Criminal Appeals. Thus, Petitioner's freestanding claim

---

[2] In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual-innocence claims are to be recognized in federal habeas proceedings. *House v. Bell*, 547 U.S. 518, 555 (2006).

of actual innocence must be denied.

### IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Jeffrey Miles Hastings, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 16th day of September, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE